COPY

IN THE CIRCUIT COURT FOR MACON COUNTY, TENNESSEE
AT LAFAYETTE

| | |
|---|---|
| MICHAEL LEWIS and CAROLINA LEWIS,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES EAST, LP and WAL-MART, INC.,<br><br>Defendants. | CASE #: 2025-CV-7<br><br>JURY DEMAND |

FILED MACON COUNTY 2025 JAN 24 PM 3:24 CIRCUIT COURT CLERK

## COMPLAINT

Plaintiffs, Michael Lewis and Carolina Lewis, for their cause of action against Defendants, Wal-Mart Stores East, LP, and Wal-Mart, Inc., respectfully state as follows:

## INTRODUCTION

1. This is a complaint for personal injuries sustained as a result of a fall that occurred on May 21, 2024, in Lafayette, Macon County, Tennessee.

2. Plaintiffs are citizens and residents of Red Boiling Springs, Macon County, Tennessee.

3. Upon information and belief, Defendant Wal-Mart Stores East, LP, is a for-profit, foreign Limited Partnership doing business in Tennessee with its principal office of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and can be served through its registered agent, CT Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

4. Upon information and belief, Defendant Wal-Mart, Inc., is a for-profit Corporation doing business in Tennessee with its principal office of business located at 702 SW 8th Street, Bentonville, Arkansas 72216, and can be served through its registered agent, CT Corporation

System at 300 Montvue Road, Knoxville, Tennessee 37919.

5. Each Defendant is involved in the management and/or operation of the subject property, which is a Wal-Mart Supercenter located at 419 TN-52, Lafayette, Tennessee 37083 ("Subject Property").

6. Defendant Wal-Mart Stores East, LP and Defendant Wal-Mart, Inc. will be collectively referred to herein as "Defendants" or "Wal-Mart."

7. Jurisdiction and venue are proper in this Court.

**FACTS**

8. On May 21, 2024, Plaintiff Michael Lewis took his vehicle to the Subject Property to get his oil changed.

9. While waiting for his vehicle to finish being serviced, Plaintiff Michael Lewis asked an unidentified employee or agent of Wal-Mart where he could go to smoke a cigarette.

10. The unidentified Wal-Mart employee instructed Plaintiff Michael Lewis to go to the employees-only area of the Subject Property and sit at a picnic table.

11. Upon information and belief, the area to which Plaintiff Michael Lewis was directed is the area where Wal-Mart employees at the Subject Property are instructed to go to when they want to take a smoke break.

12. Plaintiff Michael Lewis went to the picnic table as instructed and sat down in a safe and reasonable manner.

13. The picnic table was not secured or bolted to stabilize it or hold it in place.

14. As he sat down, the table tipped over, causing him to fall backwards and suffer physical injuries.

15. There were no warning signs to warn Plaintiff of the dangerous condition presented

by the unsecured picnic table.

16. Wal-Mart is 100% at fault for the incident.

17. Plaintiff Michael Lewis is not at fault for causing the incident.

18. As a result of the incident, Plaintiff Michael Lewis suffered serious and painful personal injuries which required medical treatment and resulted in him incurring and becoming liable for medical expenses.

**NEGLIGENCE OF THE DEFENDANTS**

19. The Defendants knew or should have known that the picnic table presented a safety hazard because it was not secured and had a tendency to tip.

20. Defendants failed to take reasonable measures to address the hazard presented by the picnic table.

21. As a result of Defendants' negligence, Plaintiff Michael Lewis suffered significant injuries.

22. Defendants owed a duty of reasonable care to keep and maintain the premises in a safe condition and to protect Plaintiff Michael Lewis from unreasonable risk of harm on their premises.

23. Defendants owed a duty of reasonable care to warn Plaintiff Michael Lewis of the existence of dangerous conditions on the property so that he could avoid injury.

24. Defendants, individually and through their representatives, employees and/or agents, had a duty to inspect, maintain, and repair the premises in a reasonably safe condition to prevent injuries to individuals lawfully on the premises and/or to warn Plaintiff Michael Lewis of the unsafe and/or dangerous condition before he fell on the picnic table.

25. Defendants, individually and through their representatives, employees and/or

agents, breached their duties owed to Plaintiff Michael Lewis.

26. Defendants had actual notice of the presence of the dangerous condition presented by the picnic table.

27. Alternatively, Defendants had constructive notice of the dangerous condition presented by the picnic table in the employee-section of its property, as it had existed for a length of time that the Defendants knew or should have known of the dangerous condition presented by the unsecured picnic table.

28. Despite having actual or constructive knowledge that the picnic table was hazardous, Defendants failed to place a warning sign regarding the unharnessed picnic table near or around the area.

29. Defendants created the dangerous condition which caused Plaintiff Michael Lewis's fall by:

a. Failing to secure the picnic table to the ground;

b. Failing to maintain adequate and safe picnic tables on the property;

c. Failing to inspect the picnic table on the property;

d. Failing to ensure that the picnic table was safe for use; and

e. Failing to remove the dangerous picnic table.

30. Defendants failed to remove the dangerous and unsafe picnic table or otherwise remediate the dangerous condition.

31. The table constituted a hidden, latent defect that Plaintiff Michael Lewis could not have discovered through the exercise of reasonable diligence until he was already sitting at the table, and it was too late.

32. It was, or should have been, foreseeable to the Defendants that persons would sit



Case 2:25-cv-00014 Document 1-2 Filed 03/03/25 Page 4 of 7 PageID #: 11

on the picnic table bench when visiting the store, particularly because Plaintiff Michael Lewis was instructed to sit at the picnic table by an employee or agent of Defendants.

33. It was, or should have been, foreseeable to the Defendants that the unsecured picnic table would cause persons to fall.

34. The manner in which Plaintiff Michael Lewis fell and his resulting injuries were reasonably foreseeable to Defendants.

35. Defendants, individually and through its representatives, employees and/or agents, were further negligent by: (1) failing to place "warning" or "caution" signs near the picnic table or otherwise adequately warn guests of the danger presented by the picnic table, and (2) allowing Plaintiff Michael Lewis to enter the property of the Defendants without warning him of the danger presented by the picnic table when the Defendants and/or Defendants' representatives, employees and/or agents knew or should have known the picnic table presented an unreasonably dangerous condition on the premises.

36. At all relevant times herein, Plaintiff Michael Lewis exercised ordinary care for his safety.

37. Plaintiff Michael Lewis was not at fault in any way for the fall that caused his damages.

38. As a direct and proximate result of the negligence of the Defendants, Plaintiff Michael Lewis suffered serious and painful personal injuries which required medical treatment and resulted in him incurring and becoming liable for medical expenses.

**HARMS AND LOSSES**

39. As a direct and proximate result of the negligence, gross negligence, and/or reckless conduct of Defendants, Plaintiff Michael Lewis has suffered the following damages:

(A) Past and Future Medical Expenses;

(B) Past and Future Pain and Suffering;

(C) Past and Future Mental Anguish;

(D) Loss of Enjoyment of Life; and

(E) Permanent Disability and Impairments;

40. Michael Lewis and Carolina Lewis are husband and wife. Plaintiff Carolina Lewis brings an action for loss of consortium.

41. Plaintiff Michael Lewis was not at fault in any way for the fall that caused his damages.

42. Defendant Wal-Mart Stores East, LP, has been properly served with process.

43. Defendant Wal-Mart, Inc., has been properly served with process.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:**

1. That service of process issue and be served upon the Defendants requiring them to appear and answer within the time required by law.

2. A judgment against the Defendants, holding them liable for damages in a reasonable amount no greater than **$250,000.00,** or as determined by the jury in this cause sufficient to adequately compensate Plaintiff Michael Lewis for his harms and losses.

3. A judgment against the Defendants, holding them liable for damages in a reasonable amount no greater than **$25,000.00,** or as determined by the jury in this cause sufficient to adequately compensate Plaintiff Carolina Lewis for her harms and losses.

4. For any further and general relief to which Plaintiffs may be entitled from this Court, including court costs, discretionary costs, and post-judgment interest.

4. For a jury of twelve to try this cause.

Respectfully submitted,

**THE TOLL FIRM, P.C.**

*/s/ Virginia King*

**ALI TOLL, #025732**
**VIRGINIA KING, #037790**
**116 East Cedar Street**
**Goodlettsville, Tennessee 37072**
**Phone: (615) 861-1103**
**Fax: (615) 861-1101**
**Email: ali@tollfirm.com**
**Email: virginia@tollfirm.com**
***Attorneys for Plaintiffs***